# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| KATIE MCDONALD, ) ) Plaintiff, ) ) v. ) ) SOUTHERN RECYCLING AND ) DEMOLITION, INC., JOHN DOE, JANE DOE, ) CORPORATION A, JOHN SMITH, JANE ) SMITH, and CORPORATION B. ) ) Defendant. ) ) | CASE NO.: CV21- **JURY DEMANDED** |

## COMPLAINT

Katie McDonald, Plaintiff having been injured by the conduct of Defendants in the above cause files this Complaint as follows.

## PARTIES

1. Plaintiff, Katie McDonald, is over the age of nineteen (19) and a resident citizen of Limestone County, Alabama.

2. Defendant Southern Recycling and Demolition, Inc. ("Southern Demolition") is a foreign corporation registered to conduct business in the State of Alabama and organized under the laws of Mississippi with a principal address in Biloxi, Mississippi.

3. John Doe, Jane Doe, and Corporation A are individuals, corporations, or other entities who aided, helped, and/or otherwise contributed to the demolition of the Pilgrim's Pride chicken processing plant previously located on Pryor Street in Athens, Limestone County,

Alabama. These Defendants acted as agents or independent contractors of Defendant Southern Demolition.[1]

4.  John Smith, Jane Smith, and Corporation B are individuals, corporations, or other entities who were responsible for supervising and/or environmental testing during or before the demolition of the Pilgrim's Pride chicken plant previously located on Pryor Street in Athens, Limestone County, Alabama. These Defendants worked as agents or independent contractors of Defendant Southern Demolition.[2]

## JURISDICTION AND VENUE

5.  This Court has jurisdiction of the above styled action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists among the parties and the amount in controversy exceeds $75,000.00.

6.  Venue is proper in this Court in that the alleged acts occurred in Limestone County, Alabama.

## FACTS

7.  Plaintiff lived at 902 Pryor Street East at all times relevant to the Complaint. The Pilgrim's Pride chicken processing plant (the "Pilgrim's Pride Plant") was adjacent to her home. For decades, the Pilgrim's Pride Plant received live chickens in cages. The chickens were stored

---

[1] Fictitious-party pleading is permitted where "it [is] clear that discovery w[ill] uncover a defendant's identity." *Taylor v. Brooks*, No. 5:20-cv-00467-CLS, at *3 (N.D. Ala. Jun. 12, 2020) (citing *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Quad International, Inc. v. Doe*, No. 12-673-N, 2013 WL 105253, at *3 (S.D. Ala. Jan 7, 2013) (allowing plaintiff to bring action against the fictitious party defendant "for a reasonable period of time necessary to conduct discovery on that issue"); *King v. Alabama Department of Corrections*¸ No 2:12-cv-294-WHA, 2012 WL 2568162, at *3 (M.D. Ala. July 2, 2012) (finding that the exception to the rule on fictitious-party pleading is met where "an individual has identified real parties and used specific descriptors which could readily lead to identification of the unknown parties after discovery"); *McDermott v. Brevard Cty. Sheriff's Office*, No. 6:07-cv-150-Orl-31KRS, 2007 WL 948430, at *3 (M.D. Fla. 27, 2007) (quoting *Gillespie v. Civiletti*, 629 F. 2d 637, 642 (9th Cir. 1980)) ("[P]laintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . .")).
[2] *See id.*

on site until processed. During unloading, storage, and movement chicken feces and by products dropped to the ground and became mixed with the soil. Over the years, the concentration of feces and byproducts saturated the soil and allowed the formation of Histoplasma Capsulatum.

8. Histoplama Capsulatum is a well-known fungus commonly found in areas contaminated with chicken feces and byproducts. The fungus develops spores inside the contaminated soil which are released into the air when the soil is disturbed. The risk of Histoplama Capsulatum infection is well known in the chicken industry.

9. On or about February 12, 2018, the City Counsel of Athens, Alabama authorized execution of a contract with Southeastern Recycling and Demolition and payment of $499,000.00 for demolition. Demolition of the Plant began about the spring or early summer of 2018. Demolition was a multi-phase process. Upon information and belief Defendants failed to perform or demand adequate environmental testing to detect levels of soil contaminants prior to demolition. Defendants' demolition activities after inadequate testing and lack of mitigation caused contaminants to become airborne and infect Katie McDonald.

10. In October 2019, Katie McDonald began experiencing a significant manifestation of health issues relating to her eyesight. Her initial vision problems included blurred vision, floaters and flashes. After a year of testing and treatment, doctors diagnosed her with ocular histoplasmosis, an eye disease that leads to permanent vision loss. This disease is caused by the reproductive cells (spores) of the fungus Histoplasma Capsulatum. Upon information and belief, the spores which infected Plaintiff originated from the Plant and infected Plaintiff due to Defendants' activities. Plaintiff suffered significant permanent vision loss since due to the negligent demolition of the Plant.

11. Upon information and belief, Defendants knew or should have known of, the Histoplasma Capsulatum contamination at the Pilgrim's Pride Plant. Defendants failed to mitigate a known hazard, or hazard Defendants should have known of, was a proximate cause of Plaintiff's severe injuries and damages.

12. Upon information and belief, Defendants failed to adequately test for and remediate Histoplasma Capsulatum prior to demolition. Defendants knew of or should have known of the risk posed by the contamination.

13. Upon information and belief, Defendants failed to adequately train, hire, and/or supervise the persons or entities performing testing, demolition, and environmental mitigation.

14. Defendants' actions were a proximate cause of Plaintiff's severe injuries and damages. Defendants caused Plaintiff's injuries by their negligence in that Defendants' demolition activities caused the contaminated soil to become airborne and carry to Plaintiff's adjacent property. Katie McDonald then inhaled the dangerous fungal spores and developed Ocular Histoplasmosis which has caused her severe vision loss and other damages. Upon information and belief, Ocular Histoplasmosis can only be caused by inhaling Histoplasma Capsulatum which is a known and common risk in the poultry industry.

## CAUSES OF ACTION

### COUNT ONE
### Negligence

15. Plaintiff adopts and incorporate by reference all the allegations previously stated above, as if set forth here in full.

16. Defendant Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B had a duty to act reasonably under the circumstances; inspect and

warn of known or reasonably known hazards; reasonably supervise hired agents; reasonably handle, mitigate, and dispose of contaminated materials; reasonably design, plan, and conduct the demolition process and mitigation process.

17. Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B breached their duties by when they negligently hired, supervised, trained, tested, failed to mitigate, and/or demolished the Pilgrim's Pride Plant and allowed dangerous fungal spores to enter the air in the surrounding area, including into Plaintiff's yard and home. Plaintiff was injured by this negligence in that she breathed in these dangerous fungal spores and developed Ocular Histoplasmosis which has caused her severe vision loss and other damages.

18. Defendants were a proximate cause of the severe injuries and damages suffered by Plaintiff.

## COUNT TWO
### Trespass

19. Plaintiff adopts and incorporate by reference all the allegations previously stated above, as if set forth here in full.

20. Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B demolished the Pilgrim's Pride Plant without proper mitigation causing contaminated soil particles to become airborne and invade the boundaries of Plaintiff's Real Property and her person.

21. Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B action to demolish the Pilgrim's Pride Plant was intentional and resulted in invasion of Plaintiff's Real Property and person by airborne contaminated soil particles.

22. It was reasonably foreseeable that Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B demolition of the Pilgrim's Pride Plant would cause the release of contaminated dust particles to become airborne and it was substantially certain that the wind would carry the contaminated dust particles to adjacent land and invade Plaintiff's Real Property and her person.

23. The acts of Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B caused substantial damage and injury to Plaintiff and her Real Property.

## COUNT III
### Nuisance

24. Plaintiff adopts and incorporate by reference all the allegations previously stated above, as if set forth here in full.

25. Plaintiff owned and occupied her Real Property.

26. Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B carried on activity which hurt, harmed, and inconvenienced Plaintiff. Similarly, a reasonable person would have been hurt, harmed, and inconvenienced by Defendants Southern Demolition John Doe, Jane Doe, Corporation A, John Smith, Jane Smith, and Corporation B acts.

27. All Defendants caused the contamination and/or demolition of the Pilgrim's Pride Plant.

28. The demolition and/or contamination would affect an ordinary, reasonable person.

29. The nuisance caused by Defendants caused Plaintiff physical injury and special damage.

30.     The demolition and/or contamination caused Plaintiff's hurt, inconvenience, and/or harm. Further, the acts and omissions of Defendants were a proximate cause of the severe injuries and damages of Plaintiff.

## DAMAGES

31.     Plaintiff suffered severe injuries and damages as a result of Defendants' negligence, trespass, and nuisance conduct.  Plaintiff requests that the fact finder award appropriate actual damages to compensate her for medical bills in the past and future; permanent injuries and damages; physical pain and mental anguish in the past and future; physical impairment in the past and future; lost wages and/or lost earning capacity; and all other compensatory damages supported by the evidence.

32.     Plaintiff also requests that she be awarded pre-judgment and post-judgment interest as allowed by law, costs of court, and all other damages supported by the evidence and the law.

Respectfully submitted,

s/*Jeremiah M. Hodges*
Jeremiah M. Hodges (HOD018)
Timothy M. McFalls (MCF019)
William V. Burkett (BUR217)

Attorneys for Plaintiff
HODGES TRIAL LAWYERS, P.C.
320 Clinton Avenue East
Huntsville, Alabama 35801
Phone: (256) 539-3110
Fax: (256) 539-3212
jmhodges@notanaccident.com

## CERTIFICATE OF SERVICE

By Certified Mail:

Southern Recycling and Demolition, Inc.
212 W. Troy St. Ste. B
Dothan, AL 36303

s/*Jeremiah M. Hodges*
Jeremiah M. Hodges